UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: RALPH E. MUSILLI,　　　　　　　　　　Misc. No. 09-MC-51299

　　　　　　　Petitioner.

and

IN RE: WALTER L. BAUMGARDNER, JR.,　　　　Misc. No. 09-MC-51297

　　　　　　　Petitioner.　　　　　　　　　　Honorable Denise Page Hood
　　　　　　　　　　　　　　　　　　　　　　Honorable John Corbett O'Meara
　　　　　　　　　　　　　　　　　　　　　　Honorable David M. Lawson

_____/

# OPINION AND ORDER DENYING RE-PETITIONS FOR REINSTATEMENT

PER CURIAM. On December 20, 2013, the Court entered orders denying petitions by attorneys Ralph E. Musilli and Walter L. Baumgardner, Jr. for restoration of their privileges to practice law in this district. As noted in the earlier order, this Court suspended both lawyers on November 17, 2009 following disciplinary suspensions by the State Bar of Michigan. A state discipline panel ordered 30-day suspensions for the two lawyers after each was convicted in a Michigan court of criminal contempt of court. On appeal by the Michigan State Grievance Administrator, the suspensions were increased to 180 days.

We denied the earlier reinstatement petitions because the petitioners did not satisfy one of the requisites for reinstatement, which states that the petitioner must demonstrate by clear and convincing evidence that

> the attorney has the moral qualifications, competency and learning in the law required for admission to practice before this court, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

E.D. Mich. LR 83.22(i)(2)(D). The state contempt convictions arose from the petitioners' disobedience of a state court order entered in fee-dispute litigation to segregate certain disputed funds, which they instead appropriated to themselves. We determined that the petitioners had made no effort to comply with the state court order, and instead had engaged in conduct that was "designed to frustrate the goals that order was intended to achieve." We concluded:

> As we view the record, the petitioners have not carried their burden under Local Rule 83.22(i)(2). That is not to say that they might not do so in the future. But until we see evidence that the petitioners have acknowledged the authority of the court that found them in contempt and made some effort to comply with its orders, we decline to grant their petitions for reinstatement to practice law in this district at this time.

Before the Court are renewed petitions from attorneys Ralph E. Musilli and Walter L Baumgardner, Jr. for restoration of their privileges to practice law in this district. In support of their latest petitions, they allege:

> Each [petitioner] has fully cooperated with any efforts (collection or other) to enforce previous orders, judgments, and neither has taken any actions to forestall, attack, or disregard any previous orders. No actions have been taken, and there have been full compliance, as to any previous state court orders, including any contempt orders.

Pet. ¶5. The public record, however, suggests otherwise. We remain unconvinced.

The Droomers estate apparently has persisted in its efforts to collect the funds that the petitioners failed to place in escrow, which was the basis for their contempt convictions. That obligation had been reduced to a judgment. The estate procured a writ of garnishment against petitioner Musilli's current law firm from the Oakland County, Michigan circuit court. Musilli attempted to throw up several obstacles in the way of the estate's legitimate collection efforts, including the filing of motions that the state courts found to be frivolous and "brought to harass, delay the proceeding, and/or increase the cost of litigation." *Estate of Droomers by Droomers v. Parnell*, No. 333691, 2017 WL 4654416, at *3 (Mich. Ct. App. Oct. 17, 2017). The state courts

have determined that Musilli's actions in resisting the estate's collection efforts were based on "an impermissible collateral attack on the . . . contempt order," and the petitioners' motion challenging the garnishment writ was cause to order sanctions against them (and their lawyer). *Id.* at *5, *6 (noting that these petitioners "cannot seriously contend that their motion was warranted by existing law or brought in a good-faith effort to extend or modify existing law").

The state court decisions include detailed recitations of the history of efforts by the petitioners to resist the legitimate collection efforts brought by the Droomers estate. *Id.* at *1-*4. Those accounts do not support the petitioner's current allegation that they have "cooperated with any efforts (collection or other) to enforce previous orders [and] judgments." In fact, they directly contradict the contention in paragraph 5 of the re-petition.

When we denied the earlier petitions, we reviewed the petitioners' previous conduct, which demonstrated a pattern of resistance to a legitimate court order. We then observed:

> All of this casts doubt upon the petitioners' "moral qualifications . . . required for admission to practice before this court," and leaves us with grave unanswered questions about whether their "resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice." E.D. Mich. LR 83.22(i)(2)(D). The petitioners have not persuaded us that they agree with or even understand "the basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Their conduct demonstrates a continuing disrespect for the authority of the state court.

After reading the latest state appellate court decision (cited above) describing the petitioners' continuing resistance of the contempt order and the judgment entered on it, we fear that the petitioners have a long way to go before we can with any confidence find that they may "continue to practice a profession imbued with public trust." *In re Echeles*, 430 F.2d 347, 350 (7th Cir. 1970) (citing *In re Fisher*, 179 F.2d 361 (7th Cir. 1950)).

We conclude, once again, that the petitioners have not established all the requirements set forth in E.D. Mich. LR 83.22(i)(2) by clear and convincing evidence.

Accordingly, it is **ORDERED** that the re-petition of Ralph E. Musilli (dkt. #47, case no. 09-51299) and the re-petition of Walter L. Baumgardner, Jr. (dkt. #45, case no. 09-51297) for reinstatement to the Bar of this Court are **DENIED**.

|  |  |
|---|---|
| | s/Denise Page Hood |
| | DENISE PAGE HOOD |
| Dated: January 5, 2018 | United States District Judge |
| | |
| | s/John Corbett O'Meara |
| | JOHN CORBETT O'MEARA |
| Dated: January 5, 2018 | United States District Judge |
| | |
| | s/David M. Lawson |
| | DAVID M. LAWSON |
| Dated: January 5, 2018 | United States District Judge |

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI